# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

MANSOOR SHAFI,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS, STATE OF COLORADO,

    Defendant.

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff, Mansoor Shafi ("Mr. Shafi"), by and through counsel, Finger Law, P.C., submits this Complaint and Jury Demand against the Defendant, State of Colorado, Colorado Department of Corrections ("DOC"), and alleges:

## INTRODUCTION

1. This is an employment discrimination action by employee Mansoor Shafi against his employer, the State of Colorado, Colorado Department of Corrections, seeking damages to redress violations of Plaintiff's rights.

## PARTIES

2. Plaintiff is an individual residing in Pueblo West, Colorado. He is an employee of the Colorado Department of Corrections.

3. Defendant State of Colorado, Colorado Department of Corrections, is a political

agency of the State. Defendant at all relevant times was Plaintiff's employer within the meaning of relevant statutes. Defendant's headquarters is located at 1250 Academy Park Loop, Colorado Springs, Colorado, 80910.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction under 28 U.S.C. § 1331. Mr. Shafi brings this action to recover damages caused by DOC's violations of Title VII of the Civil Rights Act of 1964 as amended.

5. This Court has supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the unlawful conduct complained of herein occurred in, and the relevant records and witnesses are located in, the District of Colorado.

## ADMINISTRATIVE PROCEDURE AND EXHAUSTION

7. Mr. Shafi timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (and dual filed with the Colorado Civil Rights Division) within 300 days of the alleged adverse employment acts.

8. The EEOC issued a Notice of Right to Sue on July 17, 2019. This is **Exhibit A**.

9. This matter was filed within 90 days of receipt of said letter.

10. This matter is timely filed.

## GENERAL ALLEGATIONS

11. Mr. Shafi is of central/south Asian background. He is from Pakistan. He is also a

practicing Muslim and observes the practice of praying regularly at five times during the day, including two prayers during his workday. As such, he is protected on the bases of race, national origin, and religion.

12. Mr. Shafi works as a Contract Administrator for the DOC. His work location is in Canon City, Colorado.

13. The State of Colorado employs approximately 30,000 full time employees in varying capacities in 19 separate Departments.

14. The Colorado Department of Corrections is the state agency responsible for operating and managing Colorado's correctional facilities and overseeing offenders in the community corrections programs and on parole.

15. DOC operates about 20 correctional facilities throughout the state. It employs approximately 6,400 employees, the majority of which are in enforcement and protective services, and some who are in administrative roles (such as Mr. Shafi).

16. Mr. Shafi began employment for Defendant on June 6, 2016 as a General Professional III, Contract Administrator.

17. His salary was approximately $4,100 per month.

18. Mr. Shafi was well qualified for the position.

19. Mr. Shafi had been educated at Northwestern University's J.L. Kellogg School of Management and graduated with a master of management degree. He had also received senior management training at the University of Pennsylvania's Wharton School.

20. Prior to joining DOC, Mr. Shafi worked for the US Peace Corps as their Director of

Management and Operations, and was based in Baku, Azerbaijan. His employment was at the GS13 level. Prior to working for the U.S. Government, he worked as Vice President and Head Far East Institutional Banking at the First American Bank of New York.

21. Mr. Shafi's initial supervisor at DOC was Keith Nordell.

22. Mr. Shafi performed above expectations.

23. On November 15, 2016, Mr. Shafi received a Recognition Coin (an award commending performance) from the DOC Controller, Lenny Meriam, for his performance processing 94 contracts in his first five months of employment at a public ceremony where more than fifty DOC employees and senior management were present to include the Director of Finance and Administration (Jennifer Bennett).

24. On March 9, 2018, Mr. Shafi was promoted to Contract Administrator V at a salary of $6,400 per month. This promotion was based on Mr. Shafi's record of continuing strong performance.

25. Around the same time that Mr. Shafi was promoted, there was a shake-up in the chain of command above him. Over the course of several months, Mr. Shafi's supervisor, Keith Nordell, team leader Nate Weatherford, Finance Director Jennifer Bennet, and DOC Controller Lenny Merriam were all replaced.

26. Mr. Shafi was assigned a new supervisor, Elizabeth Kennedy, and new second-level authorities in Mary Ensminger and Deborah Goheen.

27. Initially, Mr. Shafi observed a pleasant and cordial working relationship with Mss. Kennedy, Ensminger, and Goheen.

28. In a performance evaluation issued October 2017, Mr. Shafi had received a performance review with all satisfactory-or-higher performance ratings. This evaluation noted Mr. Shafi's "exceptional" communication and advised that he should continue to "prioritize" completing contracts before other duties.

29. On April 11, 2018, Mr. Shafi received a performance evaluation based on his promotion which again commended his "excellence" in communication, his research, his ability to "stay current" in his tasks, and his "analysis of processes." He received level II satisfactory ratings and level III "role model" ratings. He also received an annual evaluation around this same time period which provided similar, satisfactory and better ratings.

30. In or around mid-May 2018, Mr. Shafi noticed that Ms. Kennedy was observing him praying at his workspace and she became visibly upset.

31. On May 31, 2018, just over one month after Mr. Shafi received the positive performance evaluations, Ms. Kennedy and Ms. Ensminger issued Mr. Shafi a performance evaluation rating him a level I, unsatisfactory, in overall performance and in all competencies.

32. On June 6, 2018, Mr. Shafi filed an internal complaint of discrimination based on his race, national origin, and religion.

33. Ms. Kennedy resigned or was terminated shortly after Mr. Shafi filed his complaint of discrimination.

34. The complaint was forwarded to the Defendant's Office of Investigator General.

35. However, on June 18, the Office of Investigator General sent Plaintiff a letter stating that it would not investigate his claims and was referring the matter back to his supervisory

chain and Mary Ensminger.

36. Later on June 18, 2018, Mary Ensminger met with Plaintiff to discuss his discrimination complaint. Ms. Ensminger told Plaintiff that, since Ms. Kennedy was no longer with the Department, he no longer needed to have any concerns about discrimination and that there was nothing else to be done. She assured Mr. Shafi that all would be okay and asked Mr. Shafi to withdraw his discrimination complaint. Mr. Shafi relied upon Ms. Ensminger's assertions in not pursuing the discrimination claim further.

37. On June 26, 2018, Mary Ensminger sent Plaintiff a letter informing him that because Ms. Kennedy was no longer his supervisor, no further action was required and that she considered the matter closed.

38. One week later, on July 6, 2018, Mary Ensminger and Deb Goheen issued Mr. Shafi a Performance Improvement Plan, asserting that he was deficient in all areas of his performance and providing no specific areas of improvement.

39. On August 22, 2018, Mary Ensminger issued Mr. Shafi a notice that he was being reverted (demoted), and his pay reduced from $6,592 to $4,262.

40. On October 26, 2018, Ensminger issued Mr. Shafi a mid-year performance review which rated his performance as unsatisfactory.

41. On November 6, 2018, Mr. Shafi filed a second internal complaint of discrimination. The complaint was forwarded to the Office of Investigator General, and that office again referred the matter back to Mr. Shafi's supervisory chain and Human Resources unit.

42. On November 15, 2018, Mr. Shafi was informed via a letter from human resources

that he was denied any relief for his discrimination complaint.

43. On December 5, 2018, Ms. Ensminger had a telephone meeting with Mr. Shafi to investigate his discrimination complaint. Ms. Ensminger was uninterested in Mr. Shafi's concerns and the call lasted roughly five minutes. During the call, Ms. Ensminger was instead focused on getting Mr. Shafi to make an admission and asked him, "don't you think that you are incompetent?"

44. On December 6, 2018, Mr. Shafi received a letter from Mary Ensminger in which she denied any relief and stated that she did not conclude any discrimination occurred. Ms. Ensminger was both the individual named by Mr. Shafi and the person who investigated his discrimination complaint.

45. In November 2018, Mr. Shafi filed Charges of Discrimination with the EEOC and CCRD.

46. While the EEOC was investigating Mr. Shafi's workplace complaint, Mr. Shafi experienced a temporary reprieve from the discriminatory environment. He observed his supervisors acting extraordinarily kind towards him.

47. In April of 2019, Mr. Shafi received a performance evaluation which was again satisfactory.

48. On July 17, 2019, Mr. Shafi was issued a Right to Sue Notice by the EEOC.

49. As soon as the EEOC concluded its investigation and issued the Right to Sue Notice, Mr. Shafi observed a clear and immediate change in his supervisors' attitudes towards him.

50. On August 27, 2019, Mr. Shafi was issued a confirming memorandum asserting

that his performance was deficient because he was processing contracts too quickly.

51. Mr. Shafi continues to experience an ongoing hostile work environment. He is verbally berated, demeaned, humiliated and issued impossible restrictions, such as a restriction that he cannot email any employee but his supervisor; restrictions which are not issued to any white similarly situated co-workers and restrictions which are designed to forced Mr. Shafi to resign or fail in his duties.

52. On September 3, 2019, Mr. Shafi filed a new Charge of Discrimination with the EEOC (and dual filed with CCRD) based upon his receipt of this confirming memorandum and the ongoing hostile work environment being a retaliatory act.

## FIRST CLAIM FOR RELIEF
(Discrimination/Harassment Based on Race/National Origin/Religion under Title VII)

53. Plaintiff re-alleges and incorporates herein all paragraphs above.

54. At all relevant times, DOC was subject to Title VII.

55. Mr. Shafi is a Pakistani Muslim and as such, he falls under the protected classes of race, national origin, and religion at the relevant time period.

56. DOC knew that Mr. Shafi was a member of protected classes under Title VII.

57. Mr. Shafi suffered an adverse employment action when he received the negative performance evaluations in May and October 2018; when he received a Performance Improvement Plan in July 2018; and when he was demoted in August 2018.

58. DOC treated other, similarly-situated employees outside of Mr. Shafi's protected classes more favorably.

59. Other employees are not similarly scrutinized or issued demotions or negative performance reviews for the same conduct.

60. Defendant has not only subjected Mr. Shafi to negative performance reviews, performance improvement/corrective documents, and a demotion, but also engages in near-daily actions to affect Mr. Shafi's terms and conditions of employment and create a hostile work environment. Such actions include, by way of example, a requirement that Mr. Shafi must send every email he composes to his supervisor for review before he may send it.

61. DOC engaged in discriminatory practices with malice and/or reckless indifference with the explicit aim of forcing Mr. Shafi to resign on his own accord thus absolving DOC of complicity.

62. Title VII makes it unlawful for an employer to discriminate against any individual with respect to the terms, conditions or privileges of employment based on the individual's protected class(es).

63. Moreover, Title VII makes it unlawful for an employer to limit, segregate, or classify employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect their status as an employee, because of such individual's protected class(es).

**SECOND CLAIM FOR RELIEF**
(Retaliation for Engaging in Protected Activity under Title VII)

64. Plaintiff re-alleges and incorporates all paragraphs above by reference.

65. Plaintiff made protected outcries of discrimination when he complained internally

of discrimination in June 2018; when he complained internally of discrimination in November 2018; when he participated in the discrimination investigations of his complaints; when he filed a Charge of Discrimination with the EEOC and CCRD in November 2018; and when he filed a discrimination complaint and charge of discrimination in August 2019.

66. Plaintiff was retaliated against for making his first complaint of discrimination in June 2018, when he was demoted in August 2018.

67. Plaintiff was retaliated against for making his first complaint of discrimination by the issuance of a negative performance review in October 2018.

68. Plaintiff was retaliated against for engaging in the EEOC investigation process during 2019. Plaintiff was retaliated against with the creation of an ongoing hostile work environment as soon as the EEOC provided notice that its investigation had concluded. He was retaliated against with a confirming memorandum and with verbal and written comments berating him and applying restrictions on the terms and conditions of his employment, such as limiting him from emailing others inside DOC and outside vendors. This has placed Mr. Shafi in an untenable positon in that he cannot even acknowledge any written communication/s addressed to him. This is having an adverse impact and effect on his professional reputation that he had built up since joining DOC as an efficient professional.

69. The negative and/or adverse actions described above by Defendant were because of Plaintiff's complaints of discrimination and engaging in protected activity.

70. The reasons provided by DOC for the discrimination were pre-textual, false, defamatory, reckless, and baseless.

71. The acts of DOC were intentional and knowing concerning the violation of Plaintiff's rights under Title VII and specifically the prohibition against discrimination.

72. The acts of the Defendant were intentional and knowing, and willful and wanton, and malicious concerning the violation of Plaintiff's rights under Title VII.

73. Defendant has had ample opportunity to correct and modify the wrongful conduct at various stages, refused to change course despite evidence and to the contrary is increasing the persecution, humiliation and subjecting Mr. Shafi to extreme mental torment.

74. Due to DOC's blatantly illegal acts, Mr. Shafi seeks damages for back pay, front pay, general and special damages for lost compensation and job benefits, reinstatement to his prior, promotional position, compensatory damages, damages for emotional distress, attorneys' fees and costs pursuant to 42 U.S.C §2000e-5, and interest, in an amount to be determined at trial. The circumstances also warrant an award of exemplary damages under 42 U.S.C. §2000e-5. Complainant reserves the right to request any other make-whole remedies or remedies that the Court deems justified and proper to mitigate the damages done to Mr. Shafi.

## PRAYER FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and award Plaintiff damages as established by the fact finder:

1. Economic damages, including without limitation lost wages and benefits;

2. Compensatory damages, including without limitation, special damages and

damages for loss of reputation, loss of opportunity for professional growth, loss of opportunity for promotion, and inability to seek another job elsewhere given the stigma of the uncalled for demotion;

3. Non-economic damages for emotional distress, pain and suffering, inconvenience, mental anguish, loss of reputation, and other non-pecuniary losses such as loss of confidence and self-esteem;

4. Reinstatement to the prior promotional position;

5. Rescission of the negative evaluations and confirming memorandum;

6. Future wage loss and benefit loss;

7. An award of reasonable attorneys' fees and costs;

8. Pre-judgment and post-judgment interest as provided for under the law from the earliest possible date;

9. Retain jurisdiction over the action to ensure full compliance with the Orders of this Court and a declaratory judgment that Defendant's conduct complained of herein is unlawful;

10. Award of exemplary damages against the Defendant for its willful, wanton and malicious conduct;

11. Injunctive relief to stop the conduct of the Defendant; and

12. Such other relief as the Court deems just and proper.

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

Respectfully submitted this 15th day of October, 2019.

FINGER LAW, P.C.

*/s/ Casey J. Leier*
Casey Leier, #45155
William S. Finger, #7224
29025-D Upper Bear Creek Rd.
Evergreen, CO 80439
Phone: (303) 674-6955
Fax: (303) 674-6684
Email: casey@fingerlawpc.com
bill@fingerlawpc.com

Plaintiff's Address:
206 W Elgin Drive
Pueblo West, CO 81007